Kuzmenko v. Holder

BIA
Vomacka, IJ
A075915484

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of September, two thousand fourteen.

PRESENT: DENNIS JACOBS,
CHRISTOPHER F. DRONEY,
*Circuit Judges,*
LEWIS A. KAPLAN,[*]
*District Judge.*

- - - - - - - - - - - - - - - - - - - -X
PETRO PETROVICH KUZMENKO, AKA MIKOLA
ZAVGORODNIY, AKA NICOLAI IVANOVICH
ZAVGORODNIY

Petitioner,

-v.- 13-322

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,

---

[*] Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

1

**Respondent.**

- - - - - - - - - - - - - - - - - - - - - -X

FOR PETITIONER:        Petro Petrovich Kuzmenko, Pro Se, Brooklyn, New York.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant Attorney General; Anthony C. Payne, Senior Litigation Counsel; Jem C. Sponzo, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the petition for review is **GRANTED IN PART** and **DENIED IN PART.**

Petitioner Petro Petrovich Kuzmenko, a native and citizen of Ukraine, seeks review of a January 7, 2013 order of the BIA, denying his due process challenge and affirming the June 13, 2011 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Petro Petrovich Kuzmenko*, No. A075 915 484 (B.I.A. Jan. 7, 2013), *aff'g* No. A075 915 484 (Immig. Ct. New York City June 13, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the IJ's decision as supplemented and modified by the BIA, *i.e.*, minus the arguments for denying relief that were rejected or not explicitly relied on by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency found that Kuzmenko's particular social group of persons who had cooperated with the FBI against the Ukrainian mafia lacked the requisite social visibility because an informant's cooperation is not generally identifiable by other persons. This finding appears to

2

reflect a literal approach to the social visibility requirement. *See Matter of C-A-*, 23 I. & N. Dec. 951, 960 (B.I.A. 2006) (finding that a group of confidential informants against a drug cartel lacked social visibility because "[i]n the normal course of events, an informant against the . . . cartel intends to remain unknown and undiscovered [and r]ecognizability or visibility is limited to those informants who are discovered because they appear as witnesses or otherwise come to the attention of cartel members"). Subsequent to the agency's decision in this case, however, the BIA clarified that the social visibility requirement does not mean literal or "ocular" visibility but rather that "the relevant society perceives, considers, or recognizes the group as a distinct social group." *Matter of W-G-R-*, 26 I. & N. Dec. 208, 211-12, 216-18 (B.I.A. 2014); *accord Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (B.I.A. 2014). The BIA has also recast "social visibility" as "social distinction." *Matter of W-G-R-*, 26 I. & N. Dec. at 212. Without endorsing or opining on that change in position, we conclude that remand is appropriate for application of the social distinction requirement in the first instance. *See Matter of M-E-V-G-*, 26 I. & N. Dec. at 252 (remanding to the IJ for consideration of petitioner's particular social group under the clarified social distinction paradigm).[1]

As to another of Kuzmenko's arguments, the BIA did not err in rejecting the due process challenge to the purported misconduct of the Department of Homeland Security's ("DHS") counsel in preventing his witness from testifying. *See Garcia-Villeda v. Mukasey*, 531 F.3d 141, 149 (2d Cir. 2008) (noting that "[p]arties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process" (internal quotation marks omitted)). As the BIA determined, Kuzmenko had not shown prejudice resulting from the absence of his witness's testimony because his claim was denied for failure to establish a nexus to a protected

---

[1] The BIA's alternative finding--that Kuzmenko's social group lacks sufficient particularity--does not militate against remand, because "[t]he 'social distinction' and 'particularity' requirements . . . overlap because the overall definition [of a particular social group] is applied in the fact-specific context of an applicant's claim for relief." *See Matter of M-E-V-G-*, 26 I. & N. Dec. at 241.

ground--not because of a failure to establish his cooperation with the FBI.  Indeed, the IJ credited the witness's affidavit and found that it was entitled to a fair amount of weight.  Kuzmenko now argues that live testimony would have been more persuasive, but he fails to identify any facts that his witness's live testimony would have established that were absent from the affidavit.  Importantly, it was Kuzmenko who elected to proceed without live testimony and declined a suggestion by the IJ to seek an additional continuance in order to secure his witness.  Therefore, the BIA did not err in finding that Kuzmenko failed to demonstrate that he was prejudiced by DHS's alleged misconduct.  *See Garcia-Villeda*, 531 F.3d at 149.

Lastly, we are unable consider Kuzmenko's ineffective assistance of counsel claims in the first instance because he has not complied with the *Lozada* requirements.  *See Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988); *see also Zheng v. U.S. Dep't of Justice*, 409 F.3d 43, 46 (2d Cir. 2005) (requiring substantial compliance with *Lozada* to preserve an ineffective assistance of counsel claim).

For the foregoing reasons, the petition for review is **GRANTED** in part and **DENIED** in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED**, and any pending motion for a stay of removal in this petition is **DISMISSED** as moot.  Any pending request for oral argument in this petition is **DENIED** in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4